**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANJIT KAUR,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 06-72691

Agency No. A097-545-785

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2009[**]
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Gurbax "Manjit" Kaur, a native and citizen of India, petitions for review of

the decision by the Board of Immigration Appeals ("BIA") adopting and affirming

the Immigration Judge's ("IJ") denial of her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT") on adverse

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

credibility grounds. Kaur seeks relief based on her fear of future persecution and torture due to her religion, imputed political opinion based on her brother's association with the Sikh political party, Shiromani Akali Dal Mann ("SADM"), and membership in a particular social group. We grant Kaur's petition because the IJ's credibility findings that went to the heart of Kaur's claim were not supported by substantial evidence. See Don v. Gonzales, 476 F.3d 738, 741 (9th Cir. 2007) (citation omitted).

The IJ's central finding—that Kaur testified inconsistently as to the number of times she was raped while in police custody—is incorrect. Kaur repeatedly testified that she was raped once, on one night, and that two police offers participated in the assault. Because her testimony on this score was entirely consistent and responsive, this finding is not supported.

The IJ also erred in finding that Kaur's testimony regarding the circumstances of her arrest was implausible. Kaur testified her arrest was precipitated by the visit of her brother's friends—local SADM members–inquiring into her missing brother's whereabouts. The IJ opined that it "didn't make any sense" for the SADM members to visit because they already suspected that Kaur's brother had been taken into police custody. But Kaur's account is entirely plausible: a substantial amount of time had elapsed since her brother's

2

disappearance, and his friends had previously expressed only *suspicions* that he may have been arrested. Thus, because the IJ's finding was based on improper speculation, this finding is not supported. See Singh v. Gonzales, 439 F.3d 1100, 1108 (9th Cir. 2006) (holding that the IJ's speculation regarding police behavior did not support an adverse credibility finding).

The IJ also found that Kaur's identity was in doubt because she used a false passport to enter the United States. But use of a false passport "without more, is not a proper basis for finding [an asylum applicant] not credible." Kaur v. Ashcroft, 379 F.3d 876, 889 (9th Cir. 2004) (citations omitted). In fact, the use of a false passport is consistent with Kaur's claim of harassment and pursuit by government officials, and "is reasonably understood as the act of one seeking refuge in the United States." See id.

Finally, because Kaur testified credibly as to her identity and detention, rape, and medical treatment, the IJ should not have required that she corroborate her testimony on these issues. See id. at 889-90.

**PETITION GRANTED.**

3